**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| Uniloc USA, Inc. and Uniloc (SINGAPORE) Private Limited, | CIVIL ACTION NO. 6:10cv691 |
| Plaintiffs, | |
| v. | |
| (1)   Foxit Corporation (f/k/a Fox It Software Company); | JURY TRIAL DEMANDED |
| (2)   Sage Software, Inc. (d/b/a Sage MMD, Inc.); | |
| (3)   Sage Software North America; | |
| (4)   Sage Software Holdings, Inc.; | |
| (5)   Magix Computer Products International Co.; | |
| (6)   ScriptLogic Corporation; | |
| (7)   Data Access Corporation (d/b/a Data Access Worldwide); | |
| (8)   Final Draft Inc.; | |
| (9)   GEAR Software, Inc.; | |
| (10)  GEAR Software Holdings, Inc.; | |
| (11)  Tableau Software, Inc.; | |
| (12)  Quinstar Corporation (d/b/a Specter Instruments); | |
| (13)  Transmagic, Inc.; | |
| (14)  IMSI Design, LLC; | |
| (15)  Manifold Net Ltd.; | |
| (16)  Microlead Corporation; | |
| (17)  Methodsmarket.com Inc. (d/b/a 6D Technologies); and | |
| (18)  Simtech Software, Inc. (d/b/a SimTech Systems, Inc.) | |
| Defendants. | |

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs Uniloc USA, Inc. and Uniloc (Singapore) Private Limited (together "Uniloc" or

"Plaintiffs"), as and for their Complaint against Foxit Corporation (f/k/a Fox It Software

Company); Sage Software, Inc. (d/b/a Sage MMD, Inc.); Sage Software North America; Sage Software Holdings, Inc.; Magix Computer Products International Co.; ScriptLogic Corporation; Data Access Corporation (d/b/a Data Access Worldwide); Final Draft Inc.; GEAR Software, Inc.; GEAR Software Holdings, Inc.; Tableau Software, Inc.; Quinstar Corporation (d/b/a Specter Instruments); Transmagic, Inc.; IMSI Design, LLC; Manifold Net Ltd. and Microlead Corporation; Methodsmarket.com (d/b/a 6D Technologies) and Simtech Software, Inc. (d/b/a SimTech Systems, Inc.) (collectively "Defendants"), demand a trial by jury and allege as follows:

## PARTIES

1.      Plaintiff Uniloc USA, Inc. is a Texas corporation having a principal place of business at 2151 Michelson Drive, Irvine, California 92612.  Uniloc USA, Inc. also maintains places of business at 100 E. Ferguson Street, Suite 608-A, Tyler, Texas 75702 and a sales office in Plano, Texas.

2.      Plaintiff Uniloc (Singapore) Private Limited is a Singapore Corporation having a principal place of business at 80 Raffles Plaza, # 33-00 UOB Plaza I, Singapore 048624.

3.       Uniloc USA, Inc. and Uniloc (Singapore) Private Limited (collectively "Uniloc") researches, develops, manufactures and licenses security technology solutions, platforms and frameworks, including solutions for securing software and other forms of media such as DVD and audio files.   Uniloc's patented technology authenticates the true identity of devices attempting to access digital content and high-value technology assets.  Uniloc's technology is used in several markets, including software and game security, identity management, and critical infrastructure security.

4.      United States Patent No. 5,490,216 ("the '216 Patent") entitled "System for Software Registration" is generally directed to novel systems and methods for securely registering software and other digital media to prevent illicit copying and software piracy.

2

5.     On information and belief, Defendant Foxit Corporation is a corporation organized and existing under the laws of the State of California with their principal place of business at 39819 Paseo Padre Parkway.  This defendant has appointed Yuqian Xiong, its President, 43250 Paseo Padre Parkway, Fremont, CA 94539 as its agent for service of process. Defendant Foxit Corporation has no registered agent in Texas and has not registered to do business with the Texas Secretary of State.  Foxit Corporation regularly conducts and transacts business in Texas, throughout the United States, and within the Eastern District of Texas, itself and/or through one or more subsidiaries, affiliates, business divisions, or business units.

6.     On information and belief, Defendant Sage Software, Inc. is incorporated under the laws of Virginia with its principal place of business at 56 Technology Drive, Irvine, CA 92618 and a Texas business address at 12301 Research Blvd., Bldg. IV, Suite 350, Austin, TX 78759.  This defendant has appointed Corporation Service Company, 211 East 7th Street, Suite 620, Austin, TX 78701 as its agent for service of process.  Sage Software, Inc. regularly conducts and transacts business in Texas, throughout the United States, and within the Eastern District of Texas, itself and/or through one or more subsidiaries, affiliates, business divisions, or business units.

7.     On information and belief, Defendant Sage Software North America is incorporated under the laws of Delaware with its principal place of business at 56 Technology Drive, Irvine, CA 92618.  This defendant has appointed Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808 as its agent for service of process.  Sage Software North America regularly conducts and transacts business in Texas, throughout the United States, and within the Eastern District of Texas, itself and/or through one or more subsidiaries, affiliates, business divisions, or business units.

8.     On information and belief, Defendant Sage Software Holdings, Inc. is incorporated under the laws of Delaware with its principal place of business at 56 Technology Drive, Irvine, CA 92618.  This defendant has appointed Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808 as its agent for service of process.  Sage Software Holdings, Inc. regularly conducts and transacts business in Texas, throughout the United States, and within the Eastern District of Texas, itself and/or through one or more subsidiaries, affiliates, business divisions, or business units.

9.     On information and belief, Defendant Magix Computer Products International Co. is incorporated under the laws of Nevada with its principal place of business at 1105 Terminal Way #202, Reno, NV 89502.  This defendant has appointed The Corporation Trust Company of Nevada, 311 S. Division St., Carson City, NV 89703 as its agent for service of process.  Defendant Magix Computer Products International Co. has no registered agent in Texas and has not registered to do business with the Texas Secretary of State.  Defendant Magix Computer Products International Co. regularly conducts and transacts business in Texas, throughout the United States, and within the Eastern District of Texas, itself and/or through one or more subsidiaries, affiliates, business divisions, or business units.

10.    On information and belief, Defendant ScriptLogic Corporation is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 6000 Broken Sound Parkway NW, 2nd Floor, Boca Raton, FL 33487.  This defendant has appointed CT Corporation System 1200 South Pine Island Road, Plantation, FL 33324 as its agent for service of process.  Defendant ScriptLogic Corporation has no registered agent in Texas and has not registered to do business with the Texas Secretary of State.  ScriptLogic Corporation regularly conducts and transacts business in Texas, throughout the United States,

and within the Eastern District of Texas, itself and/or through one or more subsidiaries, affiliates, business divisions, or business units.

11.     On information and belief, Defendant Data Access Corporation is a corporation organized and existing under the laws of the State of Florida with its principal place of business at 14000 Southwest 119th Avenue, Suite 200, Miami, FL 33186.  This defendant has appointed Charles L. Casanave III, its President, at 14000 Southwest 119th Avenue, Suite 200, Miami, FL 33186 as its agent for service of process.  Defendant Data Access Corporation has no registered agent in Texas and has not registered to do business with the Texas Secretary of State.  Data Access Corporation regularly conducts and transacts business in Texas, throughout the United States, and within the Eastern District of Texas, itself and/or through one or more subsidiaries, affiliates, business divisions, or business units.

12.     On information and belief, Defendant Final Draft, Inc. is incorporated under the laws of California with its principal place of business at 26707 W. Agoura Road, Suite 205, Calabasas, CA 91302.  This defendant has appointed Marc Madnick, its President, at 26707 W. Agoura Road, Suite 205, Calabasas, CA 91302 as its agent for service of process.  Defendant Final Draft, Inc. has no registered agent in Texas and has not registered to do business with the Texas Secretary of State.  Final Draft, Inc. regularly conducts and transacts business in Texas, throughout the United States, and within the Eastern District of Texas, itself and/or through one or more subsidiaries, affiliates, business divisions, or business units.

13.     On information and belief, Defendant GEAR Software, Inc. is a corporation organized and existing under the laws of the State of Florida with its principal place of business at 1061 E. Indiantown Road, Suite 310.  This defendant has appointed Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301 as its agent for service of process.

Defendant GEAR Software, Inc. has no registered agent in Texas and has not registered to do business with the Texas Secretary of State. GEAR Software, Inc. regularly conducts and transacts business in Texas, throughout the United States, and within the Eastern District of Texas, itself and/or through one or more subsidiaries, affiliates, business divisions, or business units.

14.     On information and belief, Defendant GEAR Software Holdings, Inc. is a corporation organized and existing under the laws of the State of Florida with its principal place of business at 1061 E. Indiantown Road, Suite 310. This defendant has appointed Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301 as its agent for service of process. Defendant GEAR Software Holdings, Inc. has no registered agent in Texas and has not registered to do business with the Texas Secretary of State. GEAR Software Holdings, Inc. regularly conducts and transacts business in Texas, throughout the United States, and within the Eastern District of Texas, itself and/or through one or more subsidiaries, affiliates, business divisions, or business units.

15.     On information and belief, Defendant Tableau Software, Inc. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 837 N 34th Street, Suite 400, Seattle, WA 98103. This defendant has appointed CT Corporation System, 350 N. Saint Paul St., Suite 2900, Dallas, Texas 75201 as its agent for service of process. Tableau Software, Inc. regularly conducts and transacts business in Texas, throughout the United States, and within the Eastern District of Texas, itself and/or through one or more subsidiaries, affiliates, business divisions, or business units.

16.     On information and belief, Defendant Quinstar Corporation (dba Specter Instruments) is a corporation organized and existing under the laws of the State of Texas with its

principal place of business at 4020 S Industrial Dr., Ste. 120, Austin, TX 78744.  This defendant has appointed Bill D. Rose, its President, 4020 S Industrial Dr., Ste. 120, Austin, TX 78744 USA as its agent for service of process.  Quinstar Corporation regularly conducts and transacts business in Texas, throughout the United States, and within the Eastern District of Texas, itself and/or through one or more subsidiaries, affiliates, business divisions, or business units.

17.     On information and belief, Defendant Transmagic, Inc. is a corporation organized and existing under the laws of the State of Colorado with its principal place of business at 11859 Pecos Street, Ste 310, Denver, CO 80234.  This defendant has appointed Todd Reade, its CEO, 10303 Northpark Drive, Westminster, CO 80031as its agent for service of process.  Defendant Transmagic, Inc. has no registered agent in Texas and has not registered to do business with the Texas Secretary of State.  Transmagic, Inc. regularly conducts and transacts business in Texas, throughout the United States, and within the Eastern District of Texas, itself and/or through one or more subsidiaries, affiliates, business divisions, or business units.

18.     On information and belief, Defendant IMSI Design, LLC is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 25 Leveroni Court, Suite B, Novato, CA 94949.  This defendant has appointed The Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801 as its agent for service of process. Defendant IMSI Design, LLC has no registered agent in Texas and has not registered to do business with the Texas Secretary of State. IMSI Design, LLC regularly conducts and transacts business in Texas, throughout the United States, and within the Eastern District of Texas, itself and/or through one or more subsidiaries, affiliates, business divisions, or business units.

19.    On information and belief, Defendant Manifold Net Ltd. is a corporation organized and existing under the laws of the State of Nevada with its principal place of business at 1805 North Carson Street, Suite 700, Carson City, NV 89701.  This defendant has appointed Gregg Barnard of Woodburn and Wedge at 6100 Neil Road, Suite 500, Reno, Nevada 89511 as its agent for service of process.  Defendant Manifold Net Ltd. has no registered agent in Texas and has not registered to do business with the Texas Secretary of State. Manifold Net Ltd. regularly conducts and transacts business in Texas, throughout the United States, and within the Eastern District of Texas, itself and/or through one or more subsidiaries, affiliates, business divisions, or business units.

20.    On information and belief, Defendant Microlead Corporation, a corporation organized and existing under the laws of the State of Texas with its principal place of business at 7240 Glenview Drive, Fort Worth, TX 76180-8612.  This defendant has appointed Adam Noureddine, its President, at 7240 Glenview Drive, Richland Hills, TX 76180 as its agent for service of process.  Microlead Corporation regularly conducts and transacts business in Texas, throughout the United States, and within the Eastern District of Texas, itself and/or through one or more subsidiaries, affiliates, business divisions, or business units.

21.    On information and belief, Defendant Methodsmarket.com Incorporated (d/b/a 6D Technologies), a corporation organized and existing under the laws of the State of Texas with its mailing address at P. O. Box 700696, Dallas, TX 75370.  This defendant has appointed Gauri Srivastava, its CEO, at 5439 Edgehollow Place, Dallas, TX 75287 as its agent for service of process.  Methodsmarket.com Incorporated regularly conducts and transacts business in Texas, throughout the United States, and within the Eastern District of Texas, itself and/or through one or more subsidiaries, affiliates, business divisions, or business units.

22.     On information and belief, Defendant Simtech Software, Inc. (d/b/a SimTech Systems, Inc.), a corporation organized and existing under the laws of the State of Texas with its principal place of business at 1565 W. Main Street, Suite 208-310, Lewisville, TX 75067. This defendant has appointed Patrick Koh, at 1565 W. Main Street, Suite 208-310, Lewisville, TX 75067 as its agent for service of process. Simtech Software, Inc. regularly conducts and transacts business in Texas, throughout the United States, and within the Eastern District of Texas, itself and/or through one or more subsidiaries, affiliates, business divisions, or business units.

## JURISDICTION AND VENUE

23.     This action arises under the Patent Laws of the United States, namely, 35 U.S.C. §§ 1 et seq. This Court has exclusive subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

24.     Venue is proper in this district under 28 U.S.C. §§ 1391(b)(2) and (c) and/or 1400(b). On information and belief, each Defendant has transacted business in this district, and has committed acts of patent infringement in this district, including via their websites.

25.     On information and belief, Defendants are subject to this Court's general and specific personal jurisdiction because: each Defendant has minimum contacts within the State of Texas and the Eastern District of Texas, including via their websites, pursuant to due process and/or the Texas Long Arm Statute, each Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and in the Eastern District of Texas; each Defendant regularly conducts and solicits business within the State of Texas and within the Eastern District of Texas; and Uniloc's causes of action arise directly from Defendants' business contacts and other activities in the State of Texas and in the Eastern District of Texas.

26.     More specifically, each Defendant, directly and/or through intermediaries, ships, distributes, offers for sale, sells, and/or advertises (including the provision of interactive web

pages) its products and services in the United States, the State of Texas, and the Eastern District of Texas.  Upon information and belief, each Defendant has committed patent infringement in the State of Texas and in the Eastern District of Texas.  Each Defendant solicits customers in the State of Texas and in the Eastern District of Texas.  Each Defendant has paying customers who are residents of the State of Texas and the Eastern District of Texas and who each use respective Defendant's products and services in the State of Texas and in the Eastern District of Texas.

<u>**COUNT I**</u>
<u>**INFRINGEMENT OF U.S. PATENT NO. 5,490,216**</u>

27.     The '216 Patent was duly and legally issued by the United States Patent and Trademark Office on February 6, 1996 after full and fair examination.  A true and correct copy of the '216 Patent is attached as Exhibit A.  Uniloc is the owner of all rights, title, and interest in and to the '216 Patent.

28.     Plaintiff Uniloc USA, Inc. has marked its products with the '216 Patent pursuant to 35 U.S.C. § 287.

29.     Upon information and belief, Defendant Foxit Corporation has been and now is infringing '216 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling or offering to sell software products that utilize a method and/or system of activating such software products, allowing the software to run in a unrestricted use mode on a computer platform only when an appropriate licensing procedure has been followed.  Upon information and belief, one or more Foxit Corporation products including, but not limited to the Foxit Phantom PDF Suite product, use a registration system generating a security key from information input to the software which uniquely identifies an intended registered user of the software on a computer on which the software is to be installed.  The registration system is replicated at a registration authority for the purpose of verifying whether

the information unique to the user is correctly entered at the time that the security key is generated by the registration system.  Defendant Foxit Corporation is thus liable for infringement of the '216 Patent pursuant to 35 U.S.C. § 271.

30.     Upon information and belief, Defendants Sage Software, Inc., Sage Software North America, and Sage Software Holdings, Inc. have been and now are infringing the '216 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling or offering to sell software products that utilize a method and/or system of activating such software products, allowing the software to run in a unrestricted use mode on a computer platform only when an appropriate licensing procedure has been followed.  Upon information and belief, one or more Sage Software, Inc., Sage Software North America, and Sage Software Holdings, Inc. products including, but not limited to the Sage Peachtree First Accounting 2011 product, use a registration system generating a security key from information input to the software which uniquely identifies an intended registered user of the software on a computer on which the software is to be installed.  The registration system is replicated at a registration authority for the purpose of verifying whether the information unique to the user is correctly entered at the time that the security key is generated by the registration system.  Defendants Sage Software, Inc., Sage Software North America, and Sage Software Holdings, Inc. are thus liable for infringement of the '216 Patent pursuant to 35 U.S.C. § 271.

31.     Upon information and belief, Defendant Magix Computer Products International Co. has been and now is infringing the '216 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling or offering to sell software products that utilize a method and/or system of activating such software products, allowing the software to run in a unrestricted use mode on a computer platform only when an

appropriate licensing procedure has been followed.  Upon information and belief, one or more Magix Computer Products International Co. products including, but not limited to the Movie Edit Pro 17 Plus product, use a registration system generating a security key from information input to the software which uniquely identifies an intended registered user of the software on a computer on which the software is to be installed.  The registration system is replicated at a registration authority for the purpose of verifying whether the information unique to the user is correctly entered at the time that the security key is generated by the registration system. Defendant Magix Computer Products International Co. is thus liable for infringement of the '216 Patent pursuant to 35 U.S.C. § 271.

32.     Upon information and belief, Defendant ScriptLogic Corporation has been and now are infringing the '216 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling or offering to sell software products that utilize a method and/or system of activating such software products, allowing the software to run in a unrestricted use mode on a computer platform only when an appropriate licensing procedure has been followed.  Upon information and belief, one or more ScriptLogic Corporation products including, but not limited to the PacketTrap IT product, use a registration system generating a security key from information input to the software which uniquely identifies an intended registered user of the software on a computer on which the software is to be installed.  The registration system is replicated at a registration authority for the purpose of verifying whether the information unique to the user is correctly entered at the time that the security key is generated by the registration system.  Defendant ScriptLogic Corporation is thus liable for infringement of the '216 Patent pursuant to 35 U.S.C. § 271.

33.    Upon information and belief, Defendant Data Access Corporation has been and now are infringing the '216 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling or offering to sell software products that utilize a method and/or system of activating such software products, allowing the software to run in a unrestricted use mode on a computer platform only when an appropriate licensing procedure has been followed.  Upon information and belief, one or more Data Access Corporation products including, but not limited to the Visual DataFlex product, use a registration system generating a security key from information input to the software which uniquely identifies an intended registered user of the software on a computer on which the software is to be installed.  The registration system is replicated at a registration authority for the purpose of verifying whether the information unique to the user is correctly entered at the time that the security key is generated by the registration system.  Defendant Data Access Corporation is thus liable for infringement of the '216 Patent pursuant to 35 U.S.C. § 271.

34.    Upon information and belief, Defendant Final Draft, Inc. has been and now is infringing the '216 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling or offering to sell software products that utilize a method and/or system of activating such software products, allowing the software to run in a unrestricted use mode on a computer platform only when an appropriate licensing procedure has been followed.  Upon information and belief, one or more Final Draft, Inc. products including, but not limited to the Final Draft v8 product, use a registration system generating a security key from information input to the software which uniquely identifies an intended registered user of the software on a computer on which the software is to be installed.  The registration system is replicated at a registration authority for the purpose of verifying whether

the information unique to the user is correctly entered at the time that the security key is generated by the registration system.  Defendant Final Draft, Inc. is thus liable for infringement of the '216 Patent pursuant to 35 U.S.C. § 271.

35.     Upon information and belief, Defendants GEAR Software, Inc. and GEAR Software Holdings, Inc. have been and now are infringing the '216 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling or offering to sell software products that utilize a method and/or system of activating such software products, allowing the software to run in a unrestricted use mode on a computer platform only when an appropriate licensing procedure has been followed.  Upon information and belief, one or more GEAR Software, Inc. and GEAR Software Holdings, Inc. products including, but not limited to the GEAR DVD 7 product, use a registration system generating a security key from information input to the software which uniquely identifies an intended registered user of the software on a computer on which the software is to be installed.  The registration system is replicated at a registration authority for the purpose of verifying whether the information unique to the user is correctly entered at the time that the security key is generated by the registration system.  Defendants GEAR Software, Inc. and GEAR Software Holdings, Inc. are thus liable for infringement of the '216 Patent pursuant to 35 U.S.C. § 271.

36.     Upon information and belief, Defendant Tableau Software, Inc. has been and now is infringing the '216 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling or offering to sell software products that utilize a method and/or system of activating such software products, allowing the software to run in a unrestricted use mode on a computer platform only when an appropriate licensing procedure has been followed.  Upon information and belief, one or more Tableau Software, Inc. products

including, but not limited to the Tableau Server product, use a registration system generating a security key from information input to the software which uniquely identifies an intended registered user of the software on a computer on which the software is to be installed. The registration system is replicated at a registration authority for the purpose of verifying whether the information unique to the user is correctly entered at the time that the security key is generated by the registration system. Defendant Tableau Software, Inc. is thus liable for infringement of the '216 Patent pursuant to 35 U.S.C. § 271.

37. Upon information and belief, Defendant Quinstar Corporation has been and now is infringing '216 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling or offering to sell software products that utilize a method and/or system of activating such software products, allowing the software to run in a unrestricted use mode on a computer platform only when an appropriate licensing procedure has been followed. Upon information and belief, one or more Quinstar Corporation products including, but not limited to the WIN-911 Basic product, use a registration system generating a security key from information input to the software which uniquely identifies an intended registered user of the software on a computer on which the software is to be installed. The registration system is replicated at a registration authority for the purpose of verifying whether the information unique to the user is correctly entered at the time that the security key is generated by the registration system. Defendant Quinstar Corporation is thus liable for infringement of the '216 Patent pursuant to 35 U.S.C. § 271.

38. Upon information and belief, Defendant Transmagic, Inc. has been and now is infringing '216 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling or offering to sell software products that utilize a

method and/or system of activating such software products, allowing the software to run in a unrestricted use mode on a computer platform only when an appropriate licensing procedure has been followed.  Upon information and belief, one or more Transmagic, Inc. products including, but not limited to the TransMagic Expert product, use a registration system generating a security key from information input to the software which uniquely identifies an intended registered user of the software on a computer on which the software is to be installed.  The registration system is replicated at a registration authority for the purpose of verifying whether the information unique to the user is correctly entered at the time that the security key is generated by the registration system.  Defendant Transmagic, Inc. is thus liable for infringement of the '216 Patent pursuant to 35 U.S.C. § 271.

39.    Upon information and belief, Defendant IMSI Design, LLC has been and now is infringing the '216 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling or offering to sell software products that utilize a method and/or system of activating such software products, allowing the software to run in a unrestricted use mode on a computer platform only when an appropriate licensing procedure has been followed.  Upon information and belief, one or more IMSI Design, LLC products including, but not limited to the TurboCAD Deluxe 2D/3D product, use a registration system generating a security key from information input to the software which uniquely identifies an intended registered user of the software on a computer on which the software is to be installed. The registration system is replicated at a registration authority for the purpose of verifying whether the information unique to the user is correctly entered at the time that the security key is generated by the registration system.   Defendant IMSI Design, LLC is thus liable for infringement of the '216

40.     Upon information and belief, Defendant Manifold Net Limited has been and now is infringing the '216 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling or offering to sell software products that utilize a method and/or system of activating such software products, allowing the software to run in a unrestricted use mode on a computer platform only when an appropriate licensing procedure has been followed.  Upon information and belief, one or more Manifold Net Limited products including, but not limited to the Manifold 8.0 product, use a registration system generating a security key from information input to the software which uniquely identifies an intended registered user of the software on a computer on which the software is to be installed.  The registration system is replicated at a registration authority for the purpose of verifying whether the information unique to the user is correctly entered at the time that the security key is generated by the registration system.  Defendant Manifold Net Limited is thus liable for infringement of the '216 Patent pursuant to 35 U.S.C. § 271.

41.     Upon information and belief, Defendant Microlead Corporation has been and now is infringing '216 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling or offering to sell software products that utilize a method and/or system of activating such software products, allowing the software to run in a unrestricted use mode on a computer platform only when an appropriate licensing procedure has been followed.  Upon information and belief, one or more Microlead Corporation products including, but not limited to the InfoMax product, use a registration system generating a security key from information input to the software which uniquely identifies an intended registered user of the software on a computer on which the software is to be installed.  The registration system is replicated at a registration authority for the purpose of verifying whether the information unique

to the user is correctly entered at the time that the security key is generated by the registration system. Defendant Microlead Corporation is thus liable for infringement of the '216 Patent pursuant to 35 U.S.C. § 271.

42. Upon information and belief, Defendant Methodsmarket.com Incorporated has been and now is infringing '216 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling or offering to sell software products that utilize a method and/or system of activating such software products, allowing the software to run in a unrestricted use mode on a computer platform only when an appropriate licensing procedure has been followed. Upon information and belief, one or more Methodsmarket.com Incorporated products including, but not limited to the 6D Project Catalyst Desktop product, use a registration system generating a security key from information input to the software which uniquely identifies an intended registered user of the software on a computer on which the software is to be installed. The registration system is replicated at a registration authority for the purpose of verifying whether the information unique to the user is correctly entered at the time that the security key is generated by the registration system. Defendant Methodsmarket.com Incorporated is thus liable for infringement of the '216 Patent pursuant to 35 U.S.C. § 271.

43. Upon information and belief, Defendant Simtech Software, Inc. (d/b/a SimTech Systems, Inc.) has been and now is infringing '216 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling or offering to sell software products that utilize a method and/or system of activating such software products, allowing the software to run in a unrestricted use mode on a computer platform only when an appropriate licensing procedure has been followed. Upon information and belief, one or more

Simtech Software, Inc. products including, but not limited to the MindMapper 2009 Standard product, use a registration system generating a security key from information input to the software which uniquely identifies an intended registered user of the software on a computer on which the software is to be installed.   The registration system is replicated at a registration authority for the purpose of verifying whether the information unique to the user is correctly entered at the time that the security key is generated by the registration system.   Defendant Simtech Software, Inc. (d/b/a SimTech Systems, Inc.) is thus liable for infringement of the '216 Patent pursuant to 35 U.S.C. § 271.

44.     To the extent that facts learned in discovery show that Defendants' infringement of the '216 Patent is or has been willful, Uniloc reserves the right to request such a finding at time of trial.

45.     As a result of these Defendants' infringement of the '216 Patent, Uniloc has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Defendants' infringing activities are enjoined by this Court.

46.     Unless a permanent injunction is issued enjoining these Defendants and their agents, servants, employees, representatives, affiliates, and all others acting on in active concert therewith from infringing the '216 Patent, Uniloc will be greatly and irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, Uniloc respectfully requests that this Court enter:

1.     A judgment in favor of Uniloc that Defendants have infringed the '216 Patent, and that such infringement was willful;

2.     A permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringing the '216 Patent;

3.      A judgment and order requiring Defendants to pay Uniloc its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '216 Patent as provided under 35 U.S.C. § 284;

4.      An award to Uniloc for enhanced damages resulting from the knowing, deliberate, and willful nature of Defendants' prohibited conduct with notice being made at least as early as the date of the filing of this Complaint, as provided under 35 U.S.C. § 284;

5.      A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Uniloc its reasonable attorneys' fees; and

6.      Any and all other relief to which Uniloc may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Uniloc, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Respectfully Submitted,

UNILOC USA, INC. and UNILOC
(SINGAPORE) PRIVATE LIMITED

Dated:  December 29, 2010          By:  /s/ James Etheridge (w/permission Wesley Hill)

James L. Etheridge – Lead Attorney
Texas State Bar No. 24059147
ETHERIDGE LAW GROUP, PLLC
2600 E. Southlake Blvd, Suite 120 / 324
Southlake, TX   76092
Telephone: (817) 470-7249
Facsimile: (817) 887-5950
E-mail: Jim@EtheridgeLaw.com

Wesley Hill
Texas State Bar No. 24032294
WARD & SMITH LAW FIRM
111 W. Tyler Street
Longview, Texas 75601
Telephone:  (903) 757-6400
Facsimile:  (903) 757-2323
E-mail: jw@jwfirm.com

**ATTORNEYS FOR PLAINTIFFS
UNILOC USA, INC. and UNILOC
(SINGAPORE) PRIVATE LIMITED**